**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00267-CR**
**NO. 09-18-00268-CR**
_____

**KEVIN KAMPER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 16-26420, 16-26421**

_____

**MEMORANDUM OPINION**

Kevin Kamper was indicted by a grand jury for two counts of aggravated

sexual assault of his stepdaughter, J.G.[1], which occurred on or about September 20,

---

[1] To protect the privacy of the victim, we identify her by her initials. *See* Tex. Const. art. I, § 30(a)(1) (granting victims of crime "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

1

2015. *See* Tex. Penal Code Ann. § 22.021(a)(2)(B) (West 2019).[2] Both indictments contained an enhancement paragraph alleging Kamper was previously convicted of the felony offense of burglary of a habitation. The indictments specifically alleged Kamper penetrated J.G. orally and anally with his sexual organ, and a jury found him guilty on both counts. During punishment, Kamper pled "true" to the enhancements. The jury assessed punishment at twenty-five years on each count, which the trial court stacked. *See id.* § 22.021(f)(1) (West 2019). Kamper timely appealed.

Kamper's appellate counsel presented a professional evaluation of the record concluding there were no meritorious issues for appeal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978). Kamper then filed a *pro se* brief. The State responded by filing a brief asserting there were no meritorious or arguable issues for appeal.

When we address an *Anders* brief and *pro se* response as an appellate court, we have the option to determine: (1) that the appeal is wholly frivolous and issue an opinion explaining that we reviewed the record and find no reversible error; or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that

---

[2] We cite to the current version of the applicable Penal Code provisions, as any amendments made to the cited statutes do not affect this appeal.

new counsel may be appointed to brief the issues. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (citations omitted). We have independently reviewed the entire record in this matter as well as Kamper's *pro se* brief. From our review of the record, we conclude no arguable issues exist to support an appeal, and there is no reversible error. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). However, because the trial court failed to include in the judgments that Kamper pled "True" to the enhancement, we modify the trial court's written judgments. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (noting courts of appeals have authority to modify a judgment). Specifically, in the "Plea to 1st Enhancement Paragraph" portion of both judgments, we delete "N/A" and insert "True." As modified, we affirm the trial court's judgments.

AFFIRMED AS MODIFIED.

_____
CHARLES KREGER
Justice

Submitted on May 14, 2019
Opinion Delivered May 22, 2019
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

3